IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jimmy Collins, #2208738, | C/A No. 0:09-305-RBH-PJG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Williamsburg County Detention Center – Chief Brown; and William Yarbrough, | |
| Defendants. | |

This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The plaintiff, Jimmy Collins ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee at the Williamsburg County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint appears to name one employee of a governmental entity as a defendant.[1] The plaintiff alleges that the defendants were deliberately indifferent to his serious medical need and that they deliberately failed to protect him from violence at the hands of another inmate. Plaintiff seeks injunctive relief and money damages.[2] Having reviewed the Complaint in accordance with applicable law, the court concludes that the defendants William Yarbrough and Williamsburg County Detention Center should be

---

[1] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

[2] See Docket Entry 11.

dismissed because the complaint fails to state a claim upon which relief may be granted as to each of them.[3]

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995). Further, the plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.

---

[3]Contemporaneously with this Report and Recommendation, this court enters an Order that authorizes service of process for defendant Chief Brown.



§ 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if it (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**DISCUSSION**

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must allege: (1) that he or she was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States; (3) by a person acting under color of state law. See 42 U.S.C. § 1983.

The plaintiff alleges that he was assaulted and battered by Defendant William Yarbrough, another detainee at the Williamsburg County Detention Center, while they were both at the detention center.[4] A fellow inmate or detainee does not act under color of state law because the inmate is a private individual, not a state actor, and his conduct is not fairly attributable to the State. See American Mfrs. Mut. Ins. Co. V. Sullivan, 526 U.S. 40, 50 (1999). Therefore, Defendant Yarbrough is entitled to summary dismissal from this § 1983 action because he has not acted under color of state law.

The Complaint fails to state a claim upon which relief may be granted as to Defendant "Williamsburg County Detention Center." The "Williamsburg County Detention Center" is not a "person" within the meaning of § 1983. See Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes

---

[4]The plaintiff makes other allegations that are not at issue in this Report and Recommendation.

individuals and "bodies politic and corporate"); see generally 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002). The Williamsburg County Detention Center consists of buildings, facilities, and grounds—inanimate objects that do not act under color of state law—and thus is not a "person" within the meaning of §1983. See Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va.1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."), rev'd on other grounds 2000 WL 20591, *1 (4th Cir. 2000) (unpublished) ("The court also properly determined that the Piedmont Regional Jail is not a "person" and is therefore not amenable to suit under § 1983."); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C.1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Therefore, Defendant "Williamsburg County Detention Center" should be summarily dismissed from this action without prejudice and without service of process.

### RECOMMENDATION

Accordingly, the court recommends that only the defendants Williamsburg County Detention Center and William Yarbrough be dismissed without prejudice and without issuance and service of process. See Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 28, 2009
Columbia, South Carolina

*The plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).